This court holds that, because the trial court heard no evidence of the reasonable and necessary expenses that the daughter will incur in attending college, the cause must be remanded "to take evidence of" those expenses. 843 So.2d at 798. I concur. I write separately only to clarify my position with respect to this court's reversal of that part of the trial court's judgment that orders the father to maintain health insurance for the college-bound daughter.
I presume that this court contemplates that, once the evidence of "reasonable and necessary expenses the daughter will incur in attending college," 843 So.2d at 797, is heard, the trial court will enter an appropriate postminority-support order. In my opinion, health insurance for the benefit of the daughter is a "reasonable and necessary expense" that can be included in the postminority support order. SeeSmith v. Smith, [Ms. 2001040, May 31, 2002] 836 So.2d 893, 897
(Ala.Civ.App. 2002); Payne v. Williams, 678 So.2d 1118, 1122
(Ala.Civ.App. 1996) (affirming a trial court's judgment relieving a father of the obligation to pay his daughter's health-insurance expenses because the father was currently unemployed, but recognizing that the trial court "could well have decided that the father's duty to pay [health insurance costs as a part of] post-minority support should be based on the father's ability to earn rather than his actual income").